CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 14 2010

JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| CLAYTON BROWN, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:10-cv-00192 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WARDEN MATHENA, et al., | ) | By: Samuel G. Wilson |
|     Defendants. | ) | United States District Judge |

Plaintiff Clayton Brown, an inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Brown alleges that the defendants violated his constitutional rights by denying him one meal on one occasion. Upon review of the record, the court finds that Brown has not stated a claim upon which relief can be granted and, therefore, dismisses his complaint, pursuant to 28 U.S.C. § 1915A(b)(1).

### I.

While housed at Keen Mountain Correctional Center,[1] Brown alleges that on July 11, 2009, he was denied one meal. Brown alleges that after returning from recreation, he went to the "chow hall" for dinner. He states that he was one of the last few inmates in the line and while waiting, defendant Officer Mitchell "removed" him from the line. Officer Mitchell told Brown that he had seen Brown go through the line once already and that Brown was not allowed to have a second dinner meal. Brown argues that he had not already eaten dinner and consequently did not eat dinner at all that day. Brown does not allege that he was denied breakfast or lunch that day and he does not allege that he was denied any other meal on any other day.

---

[1] Before filing this action, Brown was transferred "back to" a correctional facility in the United States Virgin Islands.

## II.

The Eighth Amendment, applicable to the states through the Due Process Clause of the Fourteenth Amendment, prohibits "cruel and unusual punishment" of those convicted of crimes. Wilson v. Seiter, 501 U.S. 294 (1991) (citing Robinson v. California, 370 U.S. 660, 666 (1962)). In Wilson, the Court identified two elements necessary to support an Eighth Amendment claim challenging prison conditions: first, an objective element, i.e., whether the deprivation was sufficiently serious to constitute cruel and unusual punishment; and second, a subjective element, i.e., whether the officials acted with a sufficiently culpable state of mind. Id. To meet the objective element, a plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993).

Allegations of inadequate prison food service may be sufficient to state a cognizable claim under § 1983, so long as the deprivation is serious. Shrader v. White, 761 F.2d 975, 986 (4th Cir. 1985); Bolding v. Holshouser, 575 F.2d 461, 465 (4th Cir. 1978) (prisoner's allegation of failure to provide adequate sanitary food service facilities states a cognizable claim); French v. Owens, 777 F.2d 1250, 1255 (7th Cir. 1985) (finding that inmates are entitled to receive nutritionally adequate food). Failure to meet an inmate's basic nutritional needs is cruel and unusual punishment because the inmate relies on prison officials to provide food; if the officials fail to do so, the inmate's basic nutritional needs will not be met. Cf. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Under some circumstances, therefore, inadequate, unsanitary food service can be sufficiently serious to satisfy the objective element of an Eighth Amendment claim. However, occasional, short-lived problems with prison food service and isolated instances of inmates missing a meal or two do not implicate

the Eighth Amendment. See Islam v. Jackson, 782 F.Supp. 1111, 1114 (E.D. Va. 1992) (finding that inmate's missing one meal as isolated event did not state Eighth Amendment violation); Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) ("The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation.").

Inasmuch as Brown only alleges that he was denied one meal on one occasion, the court finds that he has failed to allege a sufficiently serious deprivation giving rise to a constitutional claim. Moreover, Brown has not alleged a "serious medical and emotional deterioration attributable to" being denied a dinner meal on July 11, 2009. See Lopez v. Robinson, 914 F.2d 486, 490 (4th Cir. 1990) (quoting Shrader v. White, 761 F.2d 975, 979 (4th Cir. 1985)). Accordingly, the court finds that Brown's allegation of being denied one meal fails to state a claim under the Eighth Amendment.

### III.

For the stated reasons, Brown's complaint is dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion and the accompanying Order to plaintiff.

ENTER: This 17th day of May, 2010.

_____
United States District Judge